64 F.3d 660
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel Raymond HALSEY, Defendant-Appellant.
 No. 94-5810.
 United States Court of Appeals, Fourth Circuit.
 Argued July 12, 1995.
Decided Aug. 14, 1995.
 
 ARGUED: Robert F. Rider, RIDER, THOMAS, CLEAVELAND, FERRIS & EAKIN, P.C., Roanoke, VA, for Appellant. Stephen Urban Baer, Charlottesville, VA, for Appellee. ON BRIEF: Robert P. Crouch, Jr., United States Attorney, Ray B. Fitzgerald, Jr., Assistant United States Attorney, Roanoke, VA, for Appellee.
 Before LUTTIG and WILLIAMS, Circuit Judges, and NORTON, United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant, Daniel Raymond Halsey, pled guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and to simple possession of cocaine in violation of 21 U.S.C. Sec. 844. On appeal, Halsey challenges the district court's calculation of his criminal history under the Sentencing Guidelines. The court assigned Halsey a criminal history category of III, based upon four "countable" offenses in his criminal history. Halsey contends that two of his prior criminal acts were not "prior sentences" under the Guidelines, see U.S.S.G. Secs. 4A1.1(c) & 4A1.2, one being a diversionary disposition and the other a juvenile adjudication. Finding no merit to Halsey's claims, we affirm the judgment of the district court.
 
 I.
 
 2
 Halsey first challenges the district court's counting of a 1994 state disposition on a charge of assault and battery by the appellant on his wife. Halsey entered no plea to that charge. The state court heard the charge and found "facts sufficient to find guilt but defer[red] adjudication/disposition and place[d] accused on first time offender probation." J.A. at 102. The state court placed Halsey on 12 months probation and ordered him to attend the Men's Anger Control Group. Later that year, the court ordered the charge dismissed.
 
 
 3
 Halsey contends that the state court's deferred adjudication and subsequent dismissal of his assault and battery charge precludes the district court from counting that charge as a prior sentence under section 4A1.2(f) of the Guidelines. U.S.S.G. Sec. 4A1.2(f). Section 4A1.2(f), entitled "Diversionary Dispositions," provides that
 
 
 4
 Diversion from the judicial process without a finding of guilt (e.g., deferred prosecution) is not counted. A diversion ary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted as a sentence under Sec. 4A1.1(c) even if a conviction is not formally entered, except that diversion from juvenile court is not counted.
 
 
 5
 Id. Sec. 4A1.2(f). Because the state court expressly found "facts sufficient to find guilt," J.A. at 102, the assault and battery disposition "resulted from a finding ... of guilt ... in a judicial proceeding" and is therefore properly "counted as a sentence under Sec. 4A1.1(c) even if a conviction is not formally entered." The application notes make clear that this rule "reflects a policy that defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency." U.S.S.G. Sec. 4A1.2, application note 9. Accordingly, the district court properly added one point to Halsey's criminal history for the assault and battery charge.*
 
 II.
 
 6
 Halsey next contends that a juvenile conviction for property damage is not a "countable" offense under section 4A1.1(c). In 1991, when Halsey was age sixteen, he struck a 1979 Mercury Capri with a baseball bat. He received a sentence of 25 hours of community service for this crime.
 
 
 7
 Section 4A1.2(d)(2)(B) of the Guidelines provides that for offenses committed prior to age eighteen that do not result in imprisonment,
 
 
 8
 add 1 point under Sec. 4A1.1(c) for each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense.
 
 
 9
 U.S.S.G. Sec. 4A1.2(d)(2)(B). Because the baseball bat incident occurred less than five years prior to the instant offense, the district court properly added one point to Halsey's criminal history.
 
 
 10
 Halsey contends that the juvenile adjudication was a "diversionary disposition" because he did not receive a prison sentence, and that under Guideline section 4A1.2(f), blockquoted supra at p. 2-3, "diversion from juvenile court is not counted." U.S.S.G. Sec. 4A1.2(f). Halsey misreads the Guidelines. His juvenile conviction was not a "[d]iversion from the judicial process without a finding of guilt" under the Guidelines. Indeed, as Halsey admits, he "was found guilty" of property damage. Appellant's Br. at 5. The fact that he received no prison time has no bearing on whether the offense is countable. Indeed, the Guidelines expressly distinguish between convictions for which a prison sentence is imposed and those for which a form of punishment other than incarceration is ordered, assigning two criminal history points "for each ... juvenile sentence to confinement of at least sixty days," U.S.S.G. Sec. 4A1.2(d)(2)(A), and assigning one point "for each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense not covered in" Guideline section (d)(2)(A), id. Sec. 4A1.2(d)(2)(B).
 
 III.
 
 11
 Finally, Halsey contends that the seriousness of his criminal history was overrepresented and that the district court should have departed downward under section 4A1.3, which permits a downward departure where "defendant's criminal history category significantly overrepresents the seriousness of a defendant's criminal history." Id. Sec. 4A1.3. Refusals to depart downward are generally not reviewable on appeal. See, e.g., United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir.), cert. denied, 498 U.S. 819 (1990). Moreover, Halsey, at the age of twenty, has already compiled a lengthy criminal history including convictions and arrests for violent crimes and drug offenses. Accordingly, this claim is without merit.
 
 CONCLUSION
 
 12
 For the reasons stated herein, we affirm the judgment of the district court.
 
 AFFIRMED
 
 
 *
 Halsey contends that the assault and battery conviction should nonetheless not be counted, essentially on the ground that the disposition was improper under Virginia law. Whatever the merit of these various contentions, the proper forum in which to make these arguments was the Virginia court in which appellant was sentenced